Mr. Chief Justice Alvey
delivered the opinion of the Court:
1. On this appeal, the first error assigned is, that the receiver contracted debts without previous authority obtained from the court, and therefore, having exceeded his authority, he should not be allowed for debts so contracted.
There is no doubt of the general proposition, that a receiver is very restricted in his authority in respect to contracting debts. Properly he can exercise only such power and authority as are given him by the court, and if he exceeds the prescribed limits he acts at his peril. But in this case, the order of the court appointing the receiver would appear, by necessary implication, to confer authority to enter into contracts and incur liabilities, such as are usual and customary in carrying on the hotel -business. The order expressly provides, that the receiver should “ carry on and manage the business of keeping said hotel in substantially the same manner in which it had theretofore been carried on.” This could hardly be done without the power of contracting debts and incurring liabilities on account of the business. In the case of Cowdrey v. R. R. Co., 93 U. S., 352, 354, the Supreme *65 Court, by Mr. Justice Field, said: “A receiver is not authorized, without the previous direction of the co'urt, to incur any expenses on account of the property in his hands, beyond what is absohctely essential to its preservation and use as contemplated by his appointmentHere, the hotel was not to be closed, but to be managed and the business conducted in the ordinary way, with a view to profit to those interested in its preservation and use as a hotel, and that was the purpose of appointing the receiver. It must, therefore, have been contemplated by the court in its order that the receiver should have and exercise the power of contracting for the necessary supplies and service to enable him to carry on the business.
The question, however, of the right of the receiver to be allowed for debts contracted by him, and for which he was responsible, is not fairly open to contest in this case. As a condition upon which the hotel establishment was surrendered to the appellant Cake as the purchaser, he was required to' and did engage and obligate himself with surety to make prompt payment to the receiver of such sum or sums of money as the court should thereafter find to be due the receiver on account of his expenditures or indebtedness as receiver; or on account of his compensation. The undertaking was accepted, and all parties have acted on the faith of it; and it is too late now to attempt to make a question as to the right of the receiver to have allowed him for proper expenditures or debts incurred in conducting the business of the hotel.
It has been suggested that there was not sufficient proof furnished to establish the existence of the debts allowed for to the receiver. But that objection is not tenable. The receiver furnished a schedule of the debts, and the names of all the parties to whom the same were due, or with whom they had been contracted, and produced the bills and accounts of such debts, and the receiver being the officer of the court, and acting for all the parties concerned, in the absence of any imputation of bad faith, the auditor and the court *66 below could not be required to insist upon any more formal proof or additional evidence of the debts. Indeed, such question does not appear to have been distinctly raised before the auditor.
With respect to the first error assigned, therefore, we are of opinion that the court below was entirely correct in allowing the receiver for the indebtedness for supplies to the hotel while in his charge.
2. The next error assigned is in regard to the allowance of compensation to the receiver. The exception taken to this allowance is based upon the charge that the allowance is excessive. It is true, this allowance may be very liberal; indeed, in the opinion of many it may be regarded as too liberal to be altogether just. But there is no fixed or well recognized rule upon the subject, and each case depends largely upon its own special circumstances. This fact calls of necessity for the exercise of a sound discretion in determining the amount; and it is supposed that the court making the appointment, and having under its direction the acts and conduct of the receiver, is far more competent of forming a fair and just estimate of what is reasonable compensation, under all the circumstances, than an appellate court can be. Indeed, it has been expressly held, that, in fixing the compensation of a receiver, an appellate court will ordinarily defer much to the judgment of the court below by which the' receiver was appointed, and which supervised and directed his conduct. In this there seems to be great propriety. Hinckley v. R. R. Co., 100 U. S., 153; High on Rec., Sec. 781.
In this case, the nature of the subject-matter placed in charge of the receiver necessarily imposed upon him a heavy responsibility. The evidence in the case would seem to justify the conclusion reached by the auditor and the court below, as to the amount proper to be allowed; and we do not feel justified in dissenting from that conclusion.
3. With respect to the exception taken to the allowance of counsel fees, we do not understand that exception to be seri *67 ously pressed. It is such an allowance as is usually made in receiver’s accounts; and when there is a real occasion for the employment, and the amount charged is reasonable, the allowance is generally sanctioned by the courts. High on Rec., Sec. 805.
4. During the pendency of this appeal, Mohun, the late receiver, has died, and, upon application for that purpose, his executrix has become a party in the place of her testator. And it is now objected by the appellants that the executrix of the late receiver can have no standing in this court in her representative character to defend the decree appealed from; or, at most, she can only be allowed to represent the estate of her testator to the extent of the allowance by the decree of compensation to him as receiver. But to this we cannot assent. The decree, as we have seen, is a personal one, and decrees the money to be paid to Francis B. Mohun. The executrix is the only party who could revive the decree, or who is entitled to receive the money from the parties decreed to pay it. A question strictly analogous to the present was decided by the Supreme Court in the case of Cowdrey v. R. R. Co., supra, where it is said, in speaking of a debt incurred by trustees and excepted to: “ The trustees, had they lived, would have been entitled to retain out of the funds received by them, sufficient to meet the claim. They would have had an equitable right not merely to be reimbursed from such funds all reasonable expenses incurred, but also to retain from the funds sufficient to meet all reasonable liability contracted in the execution of their trust!’ And if a trustee or receiver has a right to retain out of trust funds an amount sufficient to cover all liability contracted in the execution of his trust, he certainly has a right to such an allowance in the settlement of his accounts, and to enforce a decree thereon making the allowance; and if the trustee or receiver can enforce such decree in his own right and for his own indemnification, it would be singular, in case of his death, if his personal representative could not revive and enforce such decree. It may be, that if any portion of the debts allowed to *68 the receiver be still unpaid, the creditors would be entitled to require the executrix of the receiver, after receipt of the money, allowed by the decree, to bring the money into court to pay such debts; but the appellants, against whom the decree is made in favor of the receiver, have no right to withhold the money from the executrix.
5. It is also objected to the decree, that it is erroneous, because it has not directed the administrators of William B. Moses to pay the amount of the decree out of the assets that may remain in their hands as administrators. But there is no real foundation for this objection. There is no allegation of pi ene administravit, or of a deficiency of assets; and the direction of the decree is that the administrators pay, which of course means that payment is to be made out of the assets of the personal estate of their intestate.
The amount decreed in favor of the receiver should be lessened or abated by a small credit of $7.59, a balance in the receiver’s hands, according to the report of the auditor. This small sum deducted left the sum of $8,324.94, to be paid to the receiver, instead of the sum of $8,332.53, the amount inserted in the decree, and which was, doubtless, inserted by oversight or inadvertence. With this small correction or modification, we shall affirm the decree, with costs to the executrix of Francis B. Mohun, deceased.

Decree affirmed.